**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Civil Action No. 07-4003 (KSH)

JOHN KING,                                    :
                                              :
               Petitioner,        :
                                              :                    **OPINION**
       v.                       :
                                              :
STATE OF NEW JERSEY,                          :
                                              :
               Respondent.        :
                                              :
_____     :

**APPEARANCES:**

      JOHN KING, #40652-050
      F.C.I. Allenwood (Med)
      P.O. Box 2000
      White Deer, Pennsylvania   17887

**HAYDEN**, District Judge

      John King, a federal prisoner who is confined at FCI Allenwood, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment of conviction entered in the Superior Court of New Jersey on January 21, 2005.   For the reasons expressed below, this Court will summarily dismiss the petition without prejudice as a mixed petition, and deny a certificate of appealability.

## I.   BACKGROUND

      Petitioner challenges a judgment of conviction filed on January 21, 2005, in the Superior Court of New Jersey, Law Division, Bergen County, after a jury convicted him of first degree possession of a controlled dangerous substance with intent to distribute and third degree

possession of controlled dangerous substance, in violation of N.J. STAT. ANN. §§ 2C:35-5a and

5b(1), and 2C:35-10a(1).   (Pet., p. 2.)   See State v. King, 2007 WL 326007 *1 (N.J. Super.,

App. Div., Feb. 6, 2007).   The Law Division sentenced Petitioner to an extended term of 25

years, with a 10-year period of parole eligibility, to run consecutively to the federal sentence he is

serving.   Id.   He appealed, raising five grounds:

> POINT I   THE TRIAL JUDGE ABUSED HIS DISCRETION IN
> DENYING DEFENDANT'S REQUEST FOR AN
> ADJOURNMENT.
>
> POINT II   THE EVIDENCE SEIZED SHOULD HAVE BEEN
> SUPPRESSED AS IT WAS SEIZED IN VIOLATION OF
> DEFENDANT'S STATE AND FEDERAL CONSTITUTIONAL
> RIGHTS.
>
> The Court Improperly Denied Defendant's Suppression Motion
> Where His Removal From The Vehicle Violated His Constitutional
> Rights.
>
> POINT III   THE TRIAL COURT ERRED IN PERMITTING
> DETECTIVE LEW[I]CKI TO RENDER EXPERT TESTIMONY
> ON THE ISSUE OF INTENT TO DISTRIBUTE NARCOTICS
> (Not Raised Below).
>
> POINT IV   THE STATE FAILED TO PROVE BEYOND A
> REASONABLE DOUBT THE ELEMENT OF INTENT TO
> DISTRIBUTE DRUGS; CONSEQUENTLY THE CONVICTION
> ON COURT TWO MUST BE VACATED (Not Raised Below).
>
> POINT V   DEFENDANT'S CONVICTION MUST BE SET
> ASIDE AS THE JURY VERDICT WAS INCONSISTENT AND
> AGAINST THE WEIGHT OF THE EVIDENCE (Not Raised
> Below).
>
> POINT VI   THE COURT BELOW ERRED IN RELYING ON A
> PRESUMPTIVE SENTENCE IN VIOLATION OF THE
> DEFENDANT'S DUE PROCESS RIGHTS.

State v. King, 2007 WL 326007 *4.

On February 6, 2007, the Appellate Division affirmed the conviction and sentence on the merits in an unpublished opinion.   See State v. King, 2007 WL 326007, *6.   On June 1, 2007, the New Jersey Supreme Court denied certification.   See State v. King, 192 N.J. 70 (2007) (table).

Petitioner executed the § 2254 petition presently before this Court on August 15, 2007. The Clerk received it on August 21, 2007.   This Court reads the petition as presenting the following grounds, which are set forth in a narrative form:   (1)   the conviction violates petitioner's Fourth Amendment rights because the stop of the vehicle, the order directing petitioner to exit the vehicle, and the search of petitioner were unreasonable, and (2) petitioner was denied the effective assistance of trial and appellate counsel because counsel failed to cite relevant Supreme Court precedent.   (Pet., pp. 3-7.)

## II.   STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements."   McFarland v. Scott, 512 U.S. 849, 856 (1994).   Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.   28 U.S.C. § 2254 Rule 2(c).

Habeas Rule 4 requires a judge to dismiss a § 2254 petition sua sponte, without ordering a responsive pleading, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."   28 U.S.C. § 2254 Rule 4.   Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."   McFarland, 512 U.S. at 856.   Dismissal without the filing of an answer or the state

3

court record has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief."  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").[1]

The Supreme Court explained these pleading requirements as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 . . . (1957).   Habeas Rule 2(c) is more demanding.  It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts.   [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted."   § 2243.   Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.   If the court orders the State to file an answer, that pleading must "address the allegations in the petition."   Rule 5(b).

Mayle v. Felix, 545 U.S. 644, 655 (2005).

---

[1]  For example, the Third Circuit has held that vague and conclusory allegations contained in a petition may be disposed of summarily without further investigation by the district court.

### III.   DISCUSSION

A.   Exhaustion

A district court may not grant a writ of habeas corpus under § 2254 unless the petitioner has exhausted state court remedies for all grounds presented in the petition or such process is unavailable or ineffective to protect the petitioner's rights.   See 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); Rhines v. Weber, 544 U.S. 269 (2005); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).   Section 2254(b) provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court **shall not be granted** unless it appears that -
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A) & (B) (emphasis added); see also Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert, 134 F.3d at 513;   Toulson v. Beyer, 987 F.2d 984, 987-89 (3d Cir. 1993).   Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."   28 U.S.C. § 2254(c).

Federal courts have consistently adhered to the exhaustion doctrine "for it would be unseemly in our dual system of government for a federal district court to upset a state court

Thomas, 221 F.3d at 437; United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

5

conviction without an opportunity to the state courts to correct a constitutional violation."
Picard v. Connor, 404 U.S. 270, 275 (1971) (citations and internal quotation marks omitted).
The statutory scheme under the AEDPA "reinforces the importance of Lundy's 'simple and clear
instruction to potential litigants:   before you bring any claims to federal court, be sure that you
first have taken each one to state court.'"   Rhines, 544 U.S. at 276-77 (quoting Rose v. Lundy,
455 U.S. 509, 520 (1982)).

        The Exhaustion Doctrine requires a petitioner to fairly present each federal claim to each
level of the state court system.   See Baldwin v. Reese, 541 U.S. 27 (2004); O'Sullivan v.
Boerckel, 526 U.S. 838 (1999); Rose, 455 U.S. at 515; United States ex rel. Kennedy v. Tyler,
269 U.S. 13, 17 (1925); Burkett v. Love, 89 F.3d 135, 138 (3d Cir. 1996).   "[S]tate prisoners
must give the state courts one full opportunity to resolve any constitutional issues by invoking
one complete round of the State's established appellate review process," including a petition for
discretionary review before the State's highest court.   O'Sullivan, 526 U.S. at 845; see also
Baldwin, 541 U.S. at 29.   Thus, the Supreme Court "held in Rose v. Lundy, 455 U.S. 509 . . .
(1982), that federal district courts may not adjudicate mixed petitions for habeas corpus, that is,
petitions containing both exhausted and unexhausted claims."   Rhines, 544 U.S. at 273.   In
Rose v. Lundy, the Supreme Court imposed "a requirement of 'total exhaustion' and directed
federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and
allowing petitioners to return to state court to present the unexhausted claims to that court in the
first instance."   Rhines, 544 U.S. at 274.   To satisfy the total exhaustion requirement, a
petitioner in the custody of the State of New Jersey must present each federal claim to the

Superior Court of New Jersey, Law and Appellate Divisions, and to the New Jersey Supreme Court.   See Toulson, 987 F.2d at 987-89.

"To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted," McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999), and must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim," Anderson v. Harless, 459 U.S. 4, 6 (1982) (citation and internal quotation marks omitted).   The habeas petitioner carries the burden of proving total exhaustion.   Lambert, 134 F.3d at 513; Toulson, 987 F.2d at 987.

In this case, the Petition is either mixed or fully unexhausted.   Petitioner did not file a petition for post-conviction relief, and it is clear from the opinion of the Appellate Division that Petitioner did not present his ineffective assistance of trial and appellate counsel claims to that court on direct appeal.   Thus, the ineffective assistance of trial and appellate counsel claims have not been exhausted.   It appears from the Appellate Division opinion that Petitioner raised a Fourth Amendment claim in Ground Two on direct appeal.   However, the Appellate Division dealt with the claim summarily and this Court cannot determine from the Appellate Division opinion whether Petitioner fairly presented the Fourth Amendment claim which he raises here to the New Jersey courts.   Thus, the Fourth Amendment claim may or may not be exhausted.   In any event, the petition contains at least one unexhausted claim.   This Court may not consider the merits of petitioner's claims unless exhaustion is excused or the petition does not raise even a colorable federal claim.   See Lambert, 134 F. 3d at 515.

B.   Circumstances Excusing Exhaustion

Section 2254(b)(1)(B)(i) excuses exhaustion where there is "an absence of available State corrective process."   28 U.S.C. § 2254(b)(1)(B)(i); see also Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam).   A petition containing claims which are unexhausted but procedurally barred will not be dismissed as unexhausted.   "Although the unexhausted claims may not have been presented to the highest state court, exhaustion is not possible because the state court would find the claims procedurally defaulted."   Toulson, 987 F.2d at 987; accord Coleman v. Thompson, 501 U.S. 722, 730-32 & n.1 (1991); Harris v. Reed, 489 U.S. 255 (1989).[2]   "If a claim has not been fairly presented to the state courts but state law clearly forecloses review . . . exhaustion is excused." Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (citations omitted).

In determining whether state court review is "available" under § 2254(b)(1)(B) and (c), this Court must "turn [its] attention to the actuality that the state courts would refuse to entertain" the petitioner's federal claims.   Lambert, 134 F.3d at 516; Christy, 115 F.3d at 207.   Most importantly, "unless a state court decision exists indicating that a habeas petitioner is clearly precluded from state court relief, the federal habeas claim should be dismissed for

---

[2]   While it excuses exhaustion, the doctrine of procedural default is a double-edged sword.   When a petitioner's failure to comply with a state procedural rule has prevented the state courts from reaching the merits of his federal claims, federal habeas review of those claims is ordinarily barred as petitioner has procedurally defaulted his claims.   Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991).   Reliance by the last state court to consider the federal claim on an "adequate and independent finding of procedural default will bar federal habeas review of [that] federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice' attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice."   Harris, 489 U.S. at 262 (citations and internal quotation marks omitted); accord Coleman, 501 U.S. at 750; Cabrera v. Barbo, 175 F.3d 307, 312-14 (3d Cir. 1999); Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996).

nonexhaustion, even if it appears unlikely that the state will address the merits of the petitioner's claim." Lambert, 134 F.3d at 517.

For example, the petitioner in Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993), was a New Jersey prisoner who filed a § 2254 petition in the District Court for the District of New Jersey challenging his state conviction and sentence on five grounds. The Appellate Division of the New Jersey Superior Court had affirmed his conviction; the New Jersey Supreme Court had denied his petition for certification; and the trial court had denied his motion to reconsider the sentence and his motion for post-conviction relief. Toulson had not presented three of his § 2254 grounds to the New Jersey Supreme Court in his petition for certification. The district court held that the claims were procedurally barred by N. J. Ct. R. 3:22-4 (barring consideration of grounds not raised in prior proceedings), in that Toulson had not raised them in his petition for certification to the New Jersey Supreme Court. The Third Circuit reversed and remanded, observing that Rule 3:22-4(c) dissolves the procedural bar where "denial of relief would be contrary to the Constitution of the United States or the State of New Jersey," and that other rules presenting potential procedural bars were likewise subject to relaxation.[3] The Third Circuit instructed the district court to dismiss the petition without prejudice for failure to exhaust "[b]ecause no state court has concluded that petitioner is procedurally barred from raising his

---

[3] New Jersey Court Rule 3:22-12, which poses a five-year limitation period for the filing of post-conviction relief petitions, Rule 3:22-4, which bars any ground for relief not raised in a prior post-conviction relief proceeding, and Rule 3:22-5, which provides that a prior adjudication upon the merits of any ground for relief is conclusive, are subject to relaxation. See State v. Preciose, 129 N.J. 451, 454, (1992); State v. Mitchell, 126 N.J. 565 (1992); State v. Johns, 111 N.J. Super 574, 576 (App. Div. 1970).

9

unexhausted claims and state law does not clearly require a finding of default." Toulson, 987 F.2d at 989.

In contrast, in Cabrera v. Barbo, 175 F.3d 307 (3d Cir. 1999), the Third Circuit affirmed dismissal of claims raised in a New Jersey prisoner's § 2254 petition as procedurally defaulted after a New Jersey court had in fact refused to consider the petitioner's federal claims because they were procedurally barred by New Jersey Court Rule 3:22-4.   Under those circumstances, the Third Circuit observed that exhaustion was unavailable.   However, because New Jersey's rejection of Cabrera's claims was based on an adequate and independent state ground, the petitioner had procedurally defaulted the claims.   Cabrera, 175 F.3d at 312-314.

In this case, no New Jersey court has determined that Petitioner is procedurally barred from raising the claims presented in his § 2254 petition.   This Court finds that post-conviction review of petitioner's claims is not clearly foreclosed or unavailable.   Thus, Petitioner's failure to exhaust his claims is not excused under § 2254(b)(1)(B)(i).

Failure to exhaust may also be excused where "circumstances exist that render [State corrective] process ineffective to protect the rights of the applicant."   28 U.S.C. § 2254(b)(1)(B)(ii).   State corrective process is ineffective where   "'state remedies are inadequate or fail to afford a full and fair adjudication of the federal contentions raised, or where exhaustion in state court would be futile.'"   Lambert, 134 F.3d at 516 (quoting Christy v. Horn, 115 F.3d 201, 207 (3d Cir. 1997)); see also Gibson, 805 F.2d at 138.   Petitioner's failure to exhaust is not excused under this provision, however, because New Jersey's appellate review procedures are not inadequate to adjudicate his federal claims.

C.   Colorable Federal Claim

Section 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."   28 U.S.C. § 2254(b)(2).   The Third Circuit determined that § 2254(b)(2) codifies the holding in <u>Granberry v. Greer</u>, 481 U.S. 129 (1987), "by conferring upon the district court the authority to deny a habeas petition on the merits despite the petitioner's failure to exhaust state remedies."   <u>Lambert</u>, 134 F.3d at 514.

In <u>Granberry</u>, the Court held that where a state failed to raise the exhaustion defense in the district court, the court of appeals may examine the exhaustion issue under the following circumstances:

> The court should determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim . . . . [I]f it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served even if the State fails to raise the exhaustion defense, the district court denies the habeas petition [on the merits], and the court of appeals affirms the judgment of the district court forthwith.

<u>Granberry</u>, 481 U.S. at 134-135.

Thus, the United States Court of Appeals for the Third Circuit has instructed district courts that they may deny a mixed petition on the merits under § 2254(b)(2) only "if it is perfectly clear that the applicant does not raise even a colorable federal claim."   <u>Lambert</u>, 134 F.3d at 515 (quoting <u>Granberry</u>, 481 U.S. at 135).   Under this standard, "if a question exists as to whether the petitioner has stated a colorable federal claim, the district court may not consider the

11

merits of the claim if the petitioner has failed to exhaust state remedies and none of the exceptions set forth in sections 2254(b)(1)(B)(i) and (ii) applies."   <u>Lambert</u>, 134 F.3d at 515.

In this case, petitioner claims that trial counsel and counsel on direct appeal were constitutionally ineffective in failing to adequately argue relevant Supreme Court precedent to support his claim that the evidence seized should have been suppressed because the stop of the vehicle, the order directing petitioner to exit the vehicle and the search of petitioner violated his rights under the Fourth Amendment.   Petitioner argues that the outcome of the proceeding would have been different if counsel had raised the relevant Supreme Court precedent.

The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance.   <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984).   A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied.   <u>Id</u>. at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness."   <u>Id</u>. at 687-88.   "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."   <u>Id</u>. at 690.   The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance.   <u>Id</u>.   Second, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." <u>Id</u>. at 695.   The ineffective assistance of counsel standard of <u>Strickland</u>, 466 U.S. at 686, applies to a claim that appellate counsel was

ineffective.   See Smith v. Robbins, 528 U.S. 259, 285 (2000); United States v. Cross, 308 F.3d

308, 315 (3d Cir. 2002).

      This Court is not prepared to find that "it is perfectly clear that the [Petitioner] does not

raise even a colorable" ineffective assistance of counsel claim.   Lambert, 134 F.3d at 515

(quoting Granberry, 481 U.S. at 135).   Thus, this Court declines to deny the Petition on the

merits pursuant to § 2254(b)(2).


D.   Stay and Abeyance

      The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for

a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."   28

U.S.C. § 2244(d)(1).   The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such
> review;
>
> (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws of
> the United States is removed, if the applicant was prevented from
> filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions:   statutory tolling and equitable tolling.   See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).   Section 2244(d)(2) requires statutory tolling under the following circumstances:   "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."   28 U.S.C. § 2244(d)(2).   An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record."   Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted).   A post-conviction relief application remains pending in state court until "the state courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari."   Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079, 1083 (2007).

The AEDPA statute of limitations is also subject to equitable tolling.   See Miller, 145 F.3d at 618.   "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:   (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."   Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).   The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."   LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005).   Mere excusable neglect is not

14

sufficient.   Id.; Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d

153, 159 (3d Cir.1999).   Nor is attorney error.   See Lawrence v. Florida, __ U.S. __ 127 S.

Ct. at 1085 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling,

particularly in the postconviction context where prisoners have no constitutional right to

counsel").[4]

      Extraordinary circumstances have been found where (1) the defendant has actively misled

the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his

rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones,

195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take

to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).   Even where

extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not

exercised reasonable diligence in attempting to file after the extraordinary circumstances began,

the link of causation between the extraordinary circumstances and the failure to file is broken,

and the extraordinary circumstances therefore did not prevent timely filing."   Brown v. Shannon,

322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir.

2000)).

      In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court confronted "the problem of

a 'mixed petition for habeas corpus relief in which a state prisoner presents a federal court with a

---

    [4] See also Johnson v. Hendricks, 314 F.3d 159, 162-63 (3d Cir. 2002) (equitable tolling
is not permitted even where the petitioner relied on erroneous advice from his state public
defender that he had one year from the state's denial of post-conviction relief to file his federal
habeas petition); Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001) (in non-capital cases, "attorney
error, miscalculation, inadequate research, or other mistakes have not been found to rise to the
'extraordinary' circumstances required for equitable tolling").

single petition containing some claims that have been exhausted in the state courts and some that have not." Id. at 271.   In Rhines, the petitioner had more than 11 months left before the expiration of the limitations period when he filed his § 2254 petition in the district court, but the district court did not dismiss the mixed petition as unexhausted until the one-year statute of limitations had expired.   See Rhines, 544 U.S. at 272.   The district court granted Rhines' motion for a stay, but the Eighth Circuit reversed on the ground that a district court has no authority to stay a mixed petition absent truly exceptional circumstances.   Id. at 273.   In reversing the court of appeals, the Supreme Court noted that the enactment of AEDPA in 1996 dramatically altered the landscape for federal habeas corpus petitions.   See Rhines, 544 U.S. at 274.   The Court explained:

> AEDPA preserved *Lundy's* total exhaustion requirement, see 28 U.S.C. § 2254(b)(1)(A) . . . , but it also imposed a 1-year statute of limitations on the filing of federal petitions, § 2244(d).   Although the limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review," § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations, *Duncan, supra*, at 181-182, 121 S. Ct. 2120.

> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims.   If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review . . . .   [I]f a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim.   The problem is not limited to petitioners who file close to the AEDPA deadline.   Even a petitioner who files early will have no way of controlling when the district court will resolve

> the question of exhaustion.   Thus, whether a petitioner ever
> receives federal review of his claims may turn on which district
> court happens to hear his case.

Rhines, 544 U.S. at 274-75.

The Supreme Court held that "a federal district court has discretion to stay the mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition."   Rhines, 544 U.S. at 271.   However, the Supreme Court cautioned that "stay and abeyance should be available only in limited circumstances" because staying a petition frustrates the AEDPA's goals of encouraging finality and streamlining federal habeas proceedings.   Rhines, 544 U.S. at 277. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.   Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."   Id.   Moreover, "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."   Id. at 278.

In this case, the applicable limitations provision is § 28 U.S.C. § 2244(d)(1)(A). Petitioner's conviction became final on August 30, 2007, after the Supreme Court of New Jersey denied certification on direct review on June 1, 2007, and the time to file a petition for certiorari in the United States Supreme Court expired.   See Lawrence v. Florida, ___ U.S. ___, ___, 127 S.

Ct. 1079, 1083-84 (2007);   Merritt, 326 F.3d at 161; Nara v. Frank, 264 F.3d 310, 315 (3d Cir.

2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).   The limitations period began the

next day, August 31, 2007.   As of today, Petitioner has more than 11 months left on his one-year

 statute of limitations period.   Under these circumstances, "dismissal of the entire petition would

[not] unreasonably impair the petitioner's right to obtain federal relief."   Rhines, 544 U.S. at 278.

 This Court finds that a stay is not warranted and will dismiss the petition without prejudice as

unexhausted.   See Bishop v. State of New Jersey, 2007 WL 2406808, *5 (D.N.J. Aug. 15, 2007)

(dismissing mixed petition where there is 64 days remaining on limitations period because

petitioner has not shown good cause for failing to exhaust and "there is ample time remaining on

Petitioner's one-year limitations period"); Powell v. Harvey, 2007 WL 1462395, *6 (D.N.J. May

15, 2007) (dismissing mixed petition where dismissal "would not impair Petitioner's ability to

file a timely federal petition after conclusion of his state post-conviction proceedings" because

petitioner would have at least 27 days to file a federal petition after conclusion of pending state

post-conviction proceedings); Downs v. Ricci, 2006 WL 3231425 (D.N.J. Nov. 8, 2006)

(dismissing mixed petition because "petitioner is not faced with the issue of a possible time-bar if

this Court were to dismiss the petition as unexhausted" because petitioner has 10 months

remaining on limitations period); Moore v. Leone, 2006 WL 2627927, *4 (D.N.J. Sept. 13, 2006)

("Because Petitioner can conceivably exhaust state court remedies and retain time to re-file a

habeas action in this Court thereafter, the Court finds that his right to federal relief is not

impaired by the one-year limitation period, and a stay would be inappropriate").

E.   Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).   In <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), the United States Supreme Court held:   "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   <u>Id.</u>   The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as unexhausted is correct.

### III.   CONCLUSION

For the foregoing reasons, this Court dismisses the petition without prejudice as unexhausted and declines to issue a certificate of appealability.


    /s/     Katharine S. Hayden
**KATHARINE S. HAYDEN, U.S.D.J.**


DATED:    September 12, 2007